UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCHWARZ PARTNERS PACKAGING, LLC d/b/a Maxpak, 2808 New Tampa Highway Lakeland, Florida 33815 | : : : : : | |
| Plaintiff, | : : | |
| v. | : : : | Case No. 1:13-cv-343 _____ |
| NATIONAL LABOR RELATIONS BOARD, AND LAFE SOLOMON IN HIS OFFICIAL CAPACITY AS ACTING GENERAL COUNSEL OF THE BOARD, 1099 14th Street, N.W. Washington, D.C. 20570-0001, | : : : : : : : | Judge _____ |
| Defendants. | : | |

## COMPLAINT

1. This action is brought by Schwarz Partners Packaging, LLC d/b/a Maxpak ("Maxpak") to declare void the Decision and Direction of the National Labor Relations Board ("NLRB" or the "Board") dated August 29, 2012 in Case No. 12-RC-073852 sustaining certain objections to an election held on March 15, 2012 and directing a ballot count and second election. The Decision and Direction is void from its inception because the Board lacked a quorum and had no authority to act. The Board therefore acted outside its statutory authority.

2. On November 6, 2012, the Board acting through Margaret Diaz, Regional Director for Region 12 of the Board ("Regional Director"), certified the United Steelworkers International Union (the "Union") as the exclusive collective bargaining representative of certain Maxpak employees at its Lakeland, Florida facility even though the Union lost the election held on March 15, 2012. This certification is also void because it resulted from the void Board

13382891.1

decision of August 29, 2012. Furthermore, due to the Board's lack of a quorum: (1) the Board had no authority to certify the Union; (2) the Regional Director had no authority to act because the Board's attempt to appoint her to the Regional Director position was void; and (3) the Board could not delegate its authority to act to the Regional Director even if she was properly appointed. The Board therefore acted outside its statutory authority.

3. During the pendency of these proceedings, the Board's Acting General Counsel Lafe Solomon ("Acting General Counsel") should be enjoined from processing any unfair labor practice charges against Maxpak based upon the void certification of the Union which resulted from the Board's void Decision and Direction.

## PARTIES

4. Plaintiff Maxpak operates a package manufacturing facility in Lakeland, Florida. Maxpak is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"). 29 U.S.C. § 152(2).

5. Defendant NLRB is an independent agency of the United States. The NLRB has its primary office in Washington, D.C. The NLRB has exclusive authority to decide whether a unit of employees is appropriate for the purposes of collective bargaining and to certify the collective bargaining representative of such a unit. 29 U.S.C. §§159(b) and (c).

6. Defendant Lafe Solomon is the Acting General Counsel for the Board. The Acting General Counsel is sued in his official capacity pursuant to 5 U.S.C. § 703.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1337 because Maxpak is challenging actions that violate the United States Constitution and that exceed Defendants' statutory authority under the NLRA.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because the Board and Acting General Counsel are located in the District of Columbia, and a substantial part of the acts and omissions giving rise to the claims in this action occurred in the District of Columbia.

## FACTS

9. The Board consists of five members, who are appointed by the President subject to confirmation by the Senate. A quorum of the Board is three members. Absent a quorum, the Board lacks authority to take any action, including but not limited to adjudicating disputes arising under the NLRA or certifying the results of an election.

10. As of January 4, 2012, the Board had only two members (Chairman Mark Pearce and Member Brian Hayes) who had been confirmed by the Senate. Member Hayes left the Board on December 16, 2012 after his term expired. Currently, Chairman Pearce is the only Board member whose nomination has been confirmed by the Senate.

11. On January 4, 2012, the President appointed Sharon Block, Terence Flynn and Richard Griffin to fill vacancies on the Board, purportedly pursuant to the Recess Appointments Clause of the Constitution. Their nominations have never been confirmed by the Senate. Mr. Flynn resigned from the Board effective July 24, 2012.

12. On March 15, 2012, the Board conducted a secret ballot election pursuant to the NLRA to resolve whether the Board would certify the Union as the exclusive collective bargaining representative of certain employees employed by Maxpak at its Lakeland, Florida manufacturing facility. The Union filed objections to the conduct of the election and also challenged two ballots cast by employees asserting that these employees were ineligible to vote. After the ballots that were not challenged were counted, the Union led the election 39 to 38. Accordingly, the two challenged ballots could affect the outcome of the election and the Union's challenges had to be resolved.

13. A hearing was held before a hearing officer from Region 12. The matter then came before the Board for review. The Board delegated its authority in the proceeding to a three-member panel, comprised of Chairman Pearce and purported recess appointees Griffin and Block. Maxpak argued that the recess appointments of members Griffin and Block were unconstitutional and void and that the Board therefore lacked a quorum to act.

14. The Board purportedly issued its Decision and Direction in Maxpak's case on August 29, 2012. The Board's decision is attached as Exhibit 1. The Board adopted the hearing officer's recommendation to overrule the Union's challenges to the two ballots in the absence of exceptions. The Board determined that certain Union objections warranted setting aside the election. The Board therefore ordered the Regional Director for Region 12 to open and count the two challenged ballots. If the revised tally showed a majority for the Union, the Board directed the Regional Director to certify the Union. If the revised tally showed that the Union did not receive a majority of votes cast, the Board directed the Regional Director to set aside the election and order a new election.

15. As of August 29, 2012, Chairman Pearce and Member Hayes were the only Board members whose nominations had been confirmed by the Senate. Member Hayes did not participate in the August 29, 2012 Decision and Direction. Ms. Block and Mr. Griffin were the only other persons purportedly on the Board at that time, but their nominations had not been confirmed by the Senate. Ms. Block and Mr. Griffin's presence on the Board at all times has been and is critically dependent on the validity of their recess appointments to those positions.

16. The Regional Director counted the challenged ballots and issued a revised tally. The Union lost the election 40 to 39. Pursuant to the Board's August 29, 2012 directive, the Regional Director set aside the election and ordered a new election. A second election was held and a majority of the votes were cast in favor of the Union.

17. On November 6, 2012, the Regional Director on behalf of the Board certified the Union as the collective bargaining representative. The Board's membership was the same on November 6, 2012 as it was on August 29, 2012.

18. Although Maxpak disagreed with the Board's August 29, 2012 decision to set aside the first election and the Board's November 6, 2012 decision to certify the Union, Maxpak had no ability to appeal directly from these adverse decisions.

19. On January 25, 2013, the United States Court of Appeals for the District of Columbia Circuit held that the recess appointments of Ms. Block and Mr. Griffin to the Board were unconstitutional. Noel Canning v. NLRB, 705 F.3d 490 (D.C. Cir. 2013). Accordingly, the court held that actions taken by the Board that were dependent on the presence of Ms. Block or Mr. Griffin to establish the required three-member quorum were void from their inception.

20. The August 29, 2012 decision to set aside the first election and the November 6, 2012 decision to certify the Union were both dependent on the presence of Ms. Block or Mr. Griffin to establish the required three-member quorum. Absent a quorum, the Board cannot legally take any action, including but not limited to ordering, conducting, or certifying the results of any representation election. Absent authority from the Board, the Regional Director lacks authority to order or certify the result of any election.

## COUNT I

21. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-20 as if fully re-written herein.

22. The Board purported to take action without a quorum when it issued the August 29, 2012 decision and when it certified the Union on November 6, 2012. Accordingly, the Board exceeded its statutory authority.

23. The Board's August 29, 2012 decision and the November 6, 2012 certification are both void from their inception because the Board lacked a quorum.

## COUNT II

24. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-23 as if fully re-written herein.

25. The Acting General Counsel should be enjoined from pursuing any unfair labor practice charges against Maxpak based on the November 6, 2012 certification including but not limited to charges alleging failure or refusal to bargain with the Union.

26.     Unless the Acting General Counsel is thus enjoined, Maxpak will suffer immediate and irreparable harm for which no adequate remedy at law exists.  Such harms include but are not limited to violations of Maxpak's federal constitutional and statutory rights through the actions of an unconstitutionally assembled Board, being required to violate the law by bargaining with and potentially entering into a contract with a union:  (1) who lost an election; (2) whose certification is void; and (3) whose majority status has never been lawfully determined, being subject to unfair labor practice proceedings based on either compliance or non-compliance with the Board's void actions, and being unlawfully restrained from making business decisions Maxpak deems in its best interest (including basic changes to benefits, work rules and procedures, and personnel decisions) under threat of Board action.  As the Board has no quorum as of the date of this filing, Maxpak could be forced to endure this unacceptable situation indefinitely.

27.     Enjoining such action is in the public interest and presents no harm to the Board.

## PRAYER FOR RELIEF

WHEREFORE, Maxpak respectfully requests this Court enter judgment in its favor by:

A. Declaring that the Board exceeded its authority when it rendered a decision in the representation proceeding and certified the Union without a valid quorum.

B. Declaring the Decision of the Board dated August 29, 2012 and the ensuing certification of representative issued on November 6, 2012 void from their inception.

C. Enjoining the Acting General Counsel from pursuing unfair labor practice charges against Maxpak based on the void certification of representative including but not limited to unfair labor practice charges alleging failure or refusal to bargain with the Union until such time as a valid certification is issued.

D. Awarding Maxpak litigation costs and reasonable attorney fees.

E. Granting such other and further relief as this Court deems just.

Respectfully submitted,

s/ Barbara A. Duncombe
Barbara A. Dumcombe (D.C. Bar #333716)
Taft Stettinius & Hollister LLP
40 North Main Street, Suite 1700
Dayton, OH 45423-1029
Phone: (937) 228-2838
Fax:  (937) 228-2816
Email: bduncombe@taftlaw.com

Attorney for Plaintiff Maxpak